Case 2:16-cv-00251   Document 16   Filed on 02/13/17 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
February 13, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JULIO GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-251 |
| | § | |
| WARDEN, F.C.I. FORT WORTH, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is in the custody of the federal Bureau of Prisons and currently is incarcerated at the Federal Correctional Institution in Fort Worth, Texas. Petitioner, who is represented by counsel, filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on June 10, 2016 in the Fort Worth Division of the United States District Court for the Northern District of Texas (D.E. 1). That court transferred Petitioner's case to the Corpus Christi Division of the Southern District of Texas where the sentencing court is located (D.E. 4). Petitioner claims that his attorney provided ineffective assistance of counsel when Petitioner filed a collateral challenge to his conviction via a 28 U.S.C. § 2255 petition. Respondent filed a motion to dismiss on December 22, 2016 to which Petitioner responded on January 20, 2017 (D.E. 14, 15). As discussed more fully below, it is recommended that Respondent's motion be granted and Petitioner's § 2241 action be dismissed without prejudice because this Court does not have jurisdiction to hear it.

## JURISDICTION

Jurisdiction and venue are proper in this court pursuant to 28 U.S.C. §§ 1331 and 2255.[1]

## BACKGROUND

The following recitation of facts is taken from Petitioner's memorandum in support of his petition (D.E. 1-1). Petitioner and a passenger were stopped at a Border Patrol checkpoint in Falfurrias, Texas on February 19, 2009. A narcotics detecting dog alerted to the vehicle and upon inspection, approximately 11.8 kilograms of cocaine were found hidden in the dashboard area of the vehicle. Petitioner and his passenger were arrested and the passenger denied any knowledge of the drugs. Petitioner initially stated that he took full responsibility for the items found in the vehicle, but had no knowledge of the cocaine. He said that he had purchased the vehicle two weeks earlier in Alamo, Texas. Upon further questioning, Petitioner stated that a man had asked him if he would transport some drugs from Edinburg, Texas to Galveston, Texas for a payment of $5,000.

On March 19, 2009 Petitioner was indicted on one count of possession with intent to distribute approximately ten kilograms of cocaine. On April 27, 2009 Petitioner entered into a plea agreement with the United States and was set for rearraignment. During his plea colloquy, Petitioner agreed with the factual recitation by the government, but stated that he did not know there were drugs in the car he was driving because of his

---

[1] It is axiomatic that courts always have jurisdiction to determine jurisdiction. *In re McBryde*, 120 F.3d 519, 522 (5th Cir. 1997).

drug and alcohol usage on the day he was arrested. The Court rejected his guilty plea and set his case for trial.

At trial, Petitioner asserted that he had blacked out on the day he was arrested because of drug and alcohol use. He called friends and family to testify on his behalf but did not call an expert. The jury found Petitioner guilty.

The United States Probation Office prepared a Presentence Report and calculated Petitioner's Base Offense Level at 32 based on the quantity of drugs. Petitioner did not get any credit for acceptance of responsibility. Petitioner had three criminal history points, placing him in Criminal History Category II. Because Petitioner had been convicted of two prior felony drug offenses, he was subject to a mandatory term of life imprisonment. At sentencing, Petitioner admitted to one of the earlier convictions, but also denied one. The government declined to present evidence on the challenged conviction and because there was evidence of only one prior conviction in the record, Petitioner was subject not to the life sentence, but to a minimum mandatory sentence of twenty years. The Court sentenced Petitioner to 240 months, a ten-year term of supervised release, and a special assessment of $100.

Petitioner filed a direct appeal but later withdrew it and the Fifth Circuit Court of Appeals dismissed the appeal on August 9, 2010. Petitioner next filed a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, which was denied by the district court. *Unites States v. Garza*, Cr. No. 09-201, C.A. No. C-11-243, 2012 WL 844831 (S.D. Tex. 2012). Petitioner sought permission from the Fifth Circuit to file a second or successive § 2255 petition but his request was denied. Nevertheless, he filed a

3 / 14

second § 2255 petition which was dismissed as second or successive by the district court. Petitioner also sought relief via a motion filed under Fed. R. Civ. P. 60(b) but his motion was denied. *United States v. Garza*, Cr. No. C-09-201, C.A. No. C-13-24, 2014 WL 222838 (S.D. Tex. 2014). Petitioner next filed a 28 U.S.C. § 2241 petition in the Eastern District of Kentucky, which was denied. *Garza v. Quintana*, No. 6:15-179-DCR, 2015 WL 5885408 (E.D. Ky. 2015).

Petitioner filed his current application for § 2241 relief in the district where he is incarcerated, but it was transferred to this district, where he was sentenced. In his petition he alleges that (1) the savings clause in 28 U.S.C. § 2255 is unconstitutionally vague; (2) he is entitled to bring this action as a § 2241 petition pursuant to the savings clause in 28 U.S.C. § 2255(e); and (3) His attorney provided ineffective assistance of counsel in his first § 2255 petition because the attorney did not argue that Petitioner's trial counsel was ineffective for presenting a frivolous defense rather than accepting the government's plea agreement. In his motion to dismiss, Respondent argues that although Petitioner seeks to bring his claim as a § 2241 petition, it should be construed as a § 2255 petition and dismissed as second or successive. Respondent also argues that the savings clause is not unconstitutionally vague.

## APPLICABLE LAW

### A. 28 U.S.C. §§ 2241 and 2255

A § 2255 motion provides the primary means of collateral attack on a federal sentence. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Relief under § 2255 is warranted for errors cognizable on collateral review that occurred at or prior to

sentencing. *Id.* A § 2255 motion must be filed in the sentencing court. *Id.* A § 2241 motion typically is used to challenge the manner in which a sentence is executed. *Reyes-Requena v. United States*, 243 F.3d 893, 900 (5th Cir. 2001). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452.

Under some circumstances, a petitioner may bring a claim under § 2241 pursuant to the savings clause of § 2255. A petitioner can invoke the savings clause by showing that § 2255 is inadequate or ineffective to test the legality of his conviction. *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000)(per curiam). The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e)(emphasis added).

A petitioner must satisfy a two-prong test before the savings clause can be invoked to address errors occurring at trial or sentencing in a petition filed under § 2241. The Fifth Circuit has explained the test as follows:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. Under these circumstances, it can be fairly said, in the language of the savings clause, that the 'remedy by a [successive § 2255] motion is inadequate or ineffective to test the legality of [the petitioner's] detention.' Of

> course, this test will operate in the context of our existing jurisprudence regarding what is *not* sufficient to obtain access of the savings clause.

*Reyes-Requena,* 243 F.3d at 904 (italics in original)(citing *Pack*, 218 F.3d at 452). Section 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Id.* at 901 (citing *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000)). Notably, a § 2255 motion is not inadequate or ineffective merely because a petitioner cannot meet the "second or successive" requirements under the Anti-Terrorism and Effective Death Penalty Act. *Pack*, 218 F.3d at 452-453. Similarly, the procedural barrier of a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy. *Id.* at 453.

### B. Vagueness

Petitioner argues that the Fifth Circuit savings clause test has been eroded, if not abrogated, by a series of Supreme Court cases. He first cites *Johnson v. United States*, 135 S.Ct. 2551 (2015), for its holding that the residual clause of the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. He seeks to apply the test for vagueness articulated in Johnson to the savings clause of § 2255.

However, the analysis in *Johnson* is inapplicable to Petitioner's circumstances. *Johnson* addressed a criminal statute and noted that the prohibition of vagueness in criminal statutes violates the due process clause because a vague statute does not give ordinary people fair notice of conduct it punishes or is so standardless that it invites

arbitrary enforcement. *Johnson,* 135 S.Ct. at 2556-2557. The savings clause in § 2255 is not part of a criminal statute and does not raise the same due process concerns.

While any vague law may suffer a constitutional infirmity, the vagueness doctrine does not apply equally to all circumstances. *Chavez v. Housing Authority of City of El Paso*, 973 F.2d 1245 (5th Cir. 1992). "A civil statue that is not concerned with the First Amendment is only unconstitutionally vague if it is 'so vague and indefinite as really to be no rule at all' or if it is 'substantially incomprehensible.'" *Id.* (quoting *United States v. Clinical Leasing Services, Inc.*, 925 F.2d 120, 122, n. 2 (5th Cir. 1991); *A.B. Small Co. v. American Sugar Refining Co.*, 267 U.S. 233, 239, (1925); and *Exxon Corp. v. Busbee*, 644 F.2d 1030, 1033 (5th Cir. 1981)). Petitioner has not shown that the savings clause is so vague that it sets forth no rule at all or is substantially incomprehensible.

The *Johnson* Court also noted that the ACCA residual clause left grave uncertainty about how to estimate the risk posed by a crime and about how much risk it takes for a crime to qualify as a violent felony. *Id.* at 2557-2558. The Court discussed its own efforts to establish a standard for the ACCA residual clause and how its efforts had been found wanting. "Here, this Court's repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause confirms its hopeless indeterminancy." *Id.* at 2258. In contrast, the Fifth Circuit has not indicated that it has experienced uncertainty or any difficulty in applying the § 2255(e) savings clause to petitions for collateral relief. Rather, the Fifth Circuit set forth the two-part test in *Reyes-Requena* and made clear that § 2241 is not a substitute for § 2255.

Petitioner also contends that vagueness of the savings clause is demonstrated by the fact that there are splits among the circuit courts regarding the interpretation of the clause, but points to no examples. A limited review of other circuit courts' interpretation of the savings clause shows that courts are split on the reach of the savings clause as it applies to claims of actual innocence and claims of sentencing error. *See, e.g.*, *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011)("The relevant metric or measure, we hold, is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes, then the petitioner may not resort to the savings clause and § 2241"); *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011)(petitioner meets savings clause criteria where he makes a claim of actual innocence and has not had an unobstructed procedural shot at presenting that claim); *Abdullah v. Hedrick*, 392 F.3d 957, 962 (8th Cir. 2004)(looked to *Reyes-Requena* for guidance and found that § 2255 was not ineffective or inadequate as long as petitioner had "one unobstructed procedural opportunity to challenge his conviction."); and *Cephas v. Nash*, 328 F.3d 98, 104 (2nd Cir. 2003)(recognizing that savings clause applies where prisoner can prove actual innocence on existing record and could not have effectively raised the claim of innocence at an earlier time). *See also Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1279-1280 (11th Cir. 2013)(discussing split among the circuits on the reach of the savings clause as it applies to claims of actual innocence and claims of sentencing error).

Petitioner does not show how resolution of these issues would affect him in any way. He is not arguing either that he is actually innocent of the crime or that there was a

sentencing error. Moreover, were this Court to find that the savings clause is unconstitutionally vague and disregard it altogether, Petitioner still would not be able to bring a successive § 2255 petition. Based on the foregoing, Petitioner's argument that the § 2255 savings clause is unconstitutionally vague is without merit. The statute should be applied to Petitioner's case in a manner consistent with Fifth Circuit precedent.

### C. Ineffective Assistance of Counsel in a § 2255 Motion

Notwithstanding his vagueness argument, Petitioner contends that he is entitled to bring this action in a § 2241 petition via the savings clause because the attorney who represented him in his first § 2255 action provided ineffective assistance. He claims that the attorney should have argued that trial counsel was ineffective by putting on a frivolous defense at trial rather than accepting the government's plea agreement which would have resulted in Petitioner receiving a shorter sentence.

Petitioner concedes that he does not have a freestanding right to effective assistance of counsel in a § 2255 motion. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (Where there is no constitutional right to an attorney in post-conviction proceedings, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.); *Abdullah*, 392 F.3d at 964 ("There is no Sixth Amendment right to constitutionally effective counsel in a § 2255 proceedings.")

However, Petitioner contends that his § 2255 counsel's ineffectiveness deprived him of the opportunity to raise substantial claims that had a reasonable probability of success. (D.E. 1-1 at p. 10). He cites *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013) for their holdings that in some

instances, a petitioner can assert ineffective assistance of counsel in a state habeas action as grounds for overcoming a procedural bar to filing a federal habeas claim.

Generally, before a habeas claim based on a state court conviction can be raised in federal court, the petitioner must have exhausted his state court remedies. 28 U.S.C. § 2254(b)(1). Failure to raise the claim in state court bars the federal court from hearing the claim, unless the petitioner can show cause and prejudice for the default, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. The *Martinez* court held that inadequate assistance of counsel in a state habeas proceeding may establish cause for a prisoner's procedural default of a claim for ineffective assistance at trial. *Martinez*, 132 S.Ct. at 1316.

> Where, under state law, claims of ineffective assistance of trial counsel *must* be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of counsel at trial, if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S.Ct. at 1320 (emphasis added). *Martinez* declined to address the broader issue of whether petitioners have a right to effective assistance of counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial. *Id.* at 1315. The *Trevino* court held that where a state's procedural framework makes it highly unlikely in a typical case (as opposed to impossible, as in *Martinez*) that a defendant will have a meaningful opportunity to raise an ineffective-assistance claim on direct appeal, the *Martinez* exception applies. *Trevino*, 133 S.Ct. at 1921.

In *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015), the Seventh Circuit found that a petitioner could bring a Rule 60(b) motion to argue that his post-conviction

counsel was ineffective when he did not inform the petitioner that his § 2255 action had been dismissed, failed to file any post-judgment motions, and failed to file a notice of appeal. *Id.* at 849. The petitioner had wanted to appeal the denial of his § 2255 motion but failed to do so in a timely fashion because his attorney failed to give him the information he needed. *Id.* The court found that the petitioner was not trying to circumvent the prohibition on bringing a second or successive claim by bringing the Rule 60(b) motion because he was not trying to present a new reason why he should be relieved of his sentence or conviction, but rather was trying to reopen his existing §2255 action and overcome a procedural barrier to its adjudication. *Id.* at 850.

The court next found that *Martinez* and *Trevino* are not limited to habeas actions based on state court convictions, but apply to § 2255 proceedings as well.

> Because the federal courts have no established procedure . . . to develop ineffective assistance claims for direct appeal, the situation of a federal prisoner is the same as the one the Court described in *Trevino*: as a practical matter, the first opportunity to present a claim of ineffective assistance of counsel of trial or direct appellate counsel is almost always on collateral review, in a motion under section 2255.

*Id.* at 853.

Petitioner argues that the holdings in *Martinez*, *Trevino*, and *Ramirez* allow him to proceed on his habeas action via a § 2241 habeas cause of action. He claims that the attorney in his first §2255 proceeding failed to raise the ineffective assistance of counsel claim and that caused him to forever lose the opportunity to bring it. Petitioner is correct that the cases stand for the proposition that the failure of an attorney to bring an ineffective assistance of counsel claim in an initial-review collateral proceeding may

provide the cause and prejudice needed to overcome the procedural bar of having a later habeas court consider the claim.  Nevertheless, this Court is still bound by the holdings of *Reyes-Requena* and *Pack*.  In order for Petitioner to avail himself of the § 2255 savings clause he has to show that his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense and that the claim was foreclosed by circuit law at the time it should have been raised in the petitioner's trial, appeal, or first § 2255 motion.  *Reyes-Requena*, 243 F.3d at 904; *Pack*, 218 F.3d at 452-453.  Petitioner has not made this showing and so cannot proceed under the savings clause.

### D. Second or Successive

Petitioner's action is a "second or successive" petition because it raises a ground that was or could have been raised in an earlier petition.  *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).  Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application for habeas corpus relief is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application.[2]  "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider the challenges to the same convictions unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).  The sentencing court lacks jurisdiction over a habeas action that is

---

[2] Second or successive § 2255 motions also must be certified as provided in § 2244 by a panel of the appropriate court of appeals.  28 U.S.C. § 2255(h).

"second or successive." *See Key*, 205 F.3d at 774; *Hooker v Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999).

Petitioner seeks permission to proceed on his ineffective assistance of counsel claim that could have been raised in his first habeas action but was not. He is now barred from doing so by the prohibition against filing a second or successive § 2255 action. If he wishes to argue that he should be excused from the second or successive bar pursuant to *Martinez* and *Trevino*, he should do so in a motion to the Fifth Circuit seeking permission to file a successive § 2255 motion. Accordingly, it is recommended that Petitioner's habeas corpus claim be dismissed without prejudice to re-filing if proper authorization from the Fifth Circuit is obtained.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's Motion to Dismiss (D.E. 14) be GRANTED. Petitioner's habeas corpus cause of action brought pursuant to 28 U.S.C. § 2241 should be DISMISSED without prejudice.

Respectfully recommended this 13th day of February, 2017.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).