IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JULIO GARZA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL NO. 2:16-CV-251 |
| | § | |
| WARDEN, F.C.I. FORT WORTH, | § | |
| | § | |
| Respondent. | § | |

# ORDER

The Court has before it Petitioner Julio Garza's ("Garza") petition for a writ of habeas corpus (Dkt. No. 1), Respondent's Notion to Dismiss (Dkt. No. 14), the Memorandum and Recommendation ("M&R") of the Magistrate Judge to whom this case was referred (Dkt. No. 16), and Garza's Objections to the M&R (Dkt. No. 17).

On June 10, 2016, Garza filed his petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Northern District of Texas. Dkt. No. 1. The petition was transferred to this Court, and Respondent later moved to dismiss the petition for lack of jurisdiction. Dkt. No. 14. Respondent argues that Garza's petition should be denied as a successive petition under 28 U.S.C. § 2255. Dkt. No. 14 at 2. Garza, in his response, argues that § 2255 is "inadequate or ineffective," entitling him to pursue his claim via § 2241, because of ineffective assistance of counsel in the course of his prior § 2255 petition and that the "savings clause" of 28 U.S.C. § 2255(e) is unconstitutionally vague. Dkt. No. 15.

On February 13, 2017, the Magistrate Judge issued an M&R, recommending that the Court grant Respondent's motion and dismiss Garza's action. Dkt. No. 16 at 1. The Magistrate Judge found that Garza has not shown that § 2255(e)'s savings clause is "substantially incomprehensible." *Id.* at 7. The Magistrate Judge also concluded that Garza has not established that, under Fifth-Circuit precedent, his claim "is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense and that the

claim was foreclosed by circuit law at the time it should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* at 12 (citing *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001) and *Pack v. Yusuff*, 218 F.3d 448 (5th Cir. 2000)). Lastly, the Magistrate Judge advised that, because Garza's action is a "second or successive" petition under § 2255, he must obtain permission from the Fifth Circuit to file it. *Id.* at 13.

Garza timely objected to the M&R, reiterating his arguments that § 2255(e)'s savings clause is unconstitutionally vague and alternatively that the ineffective assistance of his post-conviction counsel constitutes an equitable exception to raise his otherwise procedurally defaulted claims. Dkt. No. 17.

After independently reviewing the record and applicable law, the Court concludes that Garza's objections are not supported by law or evidence. The Court therefore **OVERRULES** Garza's objections (Dkt. No. 17) and **ADOPTS** the Magistrate Judge's February 13, 2017, M&R (Dkt. No. 16).

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss (Dkt. No. 14) and **DISMISSES WITHOUT PREJUDICE** Garza's instant action because this Court does not have jurisdiction to hear it. Final Judgment will be entered separately in accordance with Federal Rule of Civil Procedure 58.

SIGNED this 22nd day of January, 2018.

_____
Hilda Tagle
Senior United States District Judge